UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 28 2016
```

Eva Levin,

      Plaintiff,

  –v–

Robert Barone,

      Defendant.

14-cv-00673 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

  On January 25, 2016, the Court received a letter from Plaintiff Eva Levin requesting that the court intervene in her New York divorce proceeding and schedule an emergency hearing. Dkt. No. 45. For the reasons that follow, Plaintiff's request is DENIED.

  Plaintiff, proceeding pro se, filed this suit in January 2014 to enforce a United States Citizenship and Immigration Services Affidavit of Support, Form I-864 ("Form I-864") against her husband, Robert Barone. Compl., Dkt. No. 2. Before she married Mr. Barone, Ms. Levin was a foreign alien and citizen of Sweden. *Id.* As part of the process for obtaining a legal immigration status for Ms. Levin, Mr. Barone—a U.S. citizen—signed a Form I-864, affirming that he would provide adequate means of support for Ms. Levin and that she would not become a public charge. *Id.* Ms. Levin's suit seeks support from Mr. Barone on account of his alleged failure to comply with the Form I-864. *Id.*

  In addition to Ms. Levin's action in this court, however, she and Mr. Barone are engaged in ongoing divorce proceedings in New York Supreme Court. *See* Dkt. No. 36 at 2. Accordingly, this Court stayed Ms. Levin's federal case, pending the resolution of the state

1

divorce proceedings, on the grounds that the *Colorado River* doctrine counseled in favor of abstention. *Id.* at 6-8; *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). In a subsequent order, the Court denied Ms. Levin's request to lift the stay, in part because papers filed with the Court indicated that the state court was aware of the Form I-864 issue and was considering it in the divorce proceedings. Dkt. No. 44 at 3.

In her January 25, 2016 letter, Plaintiff makes several requests of the Court. First, she asks the Court to "[g]rant [her] the right to permanently forfeit any matrimonial claims in State Court." Dkt. No. 45 at 4. Second, she asks to be heard on the Form I-864 issue and on allegations that Mr. Barone violated her civil rights. *Id.* at 4-5. Third, she requests an emergency hearing to address her financial situation, in light of a recent accident she suffered and her ongoing concerns with the amount of maintenance provided by Mr. Barone. *Id.* at 5-6.

All of these requests, however, are in essence efforts to get the Court to lift its stay, in that they seek to re-commence proceedings in federal court and have the Court consider the claims that Plaintiff raised in her complaint. But as the Court has indicated previously, Plaintiff may apply to lift the stay "once the divorce proceedings in state court have reached their conclusion." Dkt. No. 44 at 3; *see also* Dkt. No. 36 at 8. While Plaintiff's letter appears to suggest that she would be willing to forfeit her state claims "in exchange [for] having the issues that are important to [her] heard in this court," Dkt. No. 45 at 5, this Court does not have the authority to terminate the state court divorce proceedings. *See Martinez v. Queens Cty. Dist. Atty.*, 596 F. App'x 10, 12 (2d Cir. 2015) ("A federal court presented with matrimonial issues or issues on the verge of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." (quoting *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)).

Accordingly, the Court must deny Plaintiff's requests. This case continues to be stayed pending resolution of the parties' state court divorce proceedings. Plaintiff may notify the Court in writing once those proceedings have concluded.

This resolves Docket No. 44.

SO ORDERED.

Dated: January __, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge