UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 2 9 2018
```

Eva Levin,

             Plaintiff,

—v—

Robert Barone,

             Defendant.

14-cv-673 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

This matter arises from pro se Plaintiff Eva Levin's suit to enforce a United States Citizenship and Immigration Services Affidavit of Support, Form I–864, against her now ex-husband, counseled Defendant Robert Barone. Barone and Levin each move for summary judgment. For the reasons below, Barone's motion is granted and Levin's motion is denied.

I.    BACKGROUND

A. Statutory Framework

Before considering the facts of this case, the Court briefly describes the statutory and legal framework at issue.

Federal law prohibits a citizen of the United States from sponsoring for admission to the country any non-citizen who "is likely at any time to become a public charge." 8 U.S.C. § 1182(a)(4)(A). A person who sponsors his non-citizen spouse or fiancée for admission must therefore execute an Immigration Services Affidavit of Support, Form I-864, 8 C.F.R. § 213a.2(a), (b), in which "the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable," 8 U.S.C. § 1183a(a)(1)(A).

1

The Form I-864 forms a legally binding and enforceable contract between the sponsor executing the form and the sponsored immigrant. *Cheshire v. Cheshire*, 05-cv-00453 (TJC) (MCR), 2006 WL 1208010, at *3 (M.D. Fla. May 4, 2006)). Indeed, the Immigration and Nationality Act explicitly states that the Affidavit of Support is "legally enforceable against the sponsor by the sponsored alien." 8 U.S.C. § 1183a(a)(1)(B). A sponsor's obligations under Form I-864 may be terminated in five specific circumstances, but not as a result of divorce or divorce proceedings. *See Shumye v. Felleke*, 555 F. Supp. 2d 1020, 1024 (N.D. Cal. 2008) (explaining that obligations terminate if "(1) the sponsor dies, (2) the sponsored immigrant dies, (3) the sponsored immigrant becomes a U.S. citizen, (4) the sponsored immigrant permanently departs the U.S., or (5) the sponsored immigrant is credited with 40 qualifying quarters of work").

### B. Factual and Procedural Background

In January 2010, Barone, a U.S. citizen, married Levin, a citizen of Sweden. Dkt. No. 92, Ex. A at 1 (State Court Decision) at 2; Dkt. No. 89 at 5 (Defendant's 56.1 Statement) at ¶¶ 3-5; Dkt. No. 97 (Plaintiff's 56.1 Response) at ¶¶ 3-5. As part of the process for obtaining a legal immigration status for Levin, Barone signed Affidavit of Support, Form I-864, affirming that he would provide adequate means of support for Levin. *See* Dkt. 92, Ex. E at 17 (Barone Affidavit) at ¶ 6. Around 2011, the parties separated. *Id.* at ¶ 9.

On January 27, 2014, Levin brought this action in federal court seeking to require Barone's compliance with the Affidavit of Support. Dkt. No. 2. Levin has requested specific amounts of money for at least each year from 2011 through 2016. *See* Dkt. No. 48. It appears that Levin has worked recently, but it is unclear how much money Levin earned from that employment. *See* Dkt. No 66.

2

Around the same time that Levin filed this suit, Barone brought an action for divorce in New York Supreme Court. *See* State Court Decision at 2; Defendant's 56.1 Statement at ¶ 6; Plaintiff's 56.1 Response at ¶ 6; Dkt. No. 92, Ex. E at 60 (Action for a Divorce).

Whether the instant case was filed before the state court action appears to be disputed. *See* Defendant's 56.1 Statement ¶¶ B, 7; Plaintiff's 56.1 Response at ¶¶ B, 7. Barone claims that this case was filed after the divorce proceeding, but the Action for a Divorce suggests that the divorce proceeding was initiated either the same day as, or one day after, this action was commenced. *See* Dkt. No. 2; Defendant's 56.1 Statement ¶¶ B, 7; Action for a Divorce.

On September 5, 2014, Barone filed a motion to dismiss Levin's complaint. Dkt. No. 17. The Court denied that motion but stayed the case pending the duration of the state court divorce proceeding. Dkt. No. 36.

On April 2, 2015, the state court explained that Levin's annual income was $13,000, State Court Decision at 5, and noted that when Levin had worked as a dancer, she had earned $3,000 a week, Dkt. No. 92, Ex. B (Transcript of State Court Proceeding) at 17:13. It then granted Levin temporary maintenance of $450 per month. State Court Decision at 7.

In 2016, the state court entered a judgment of divorce and ended Barone's support obligations. Dkt. No. 92, Ex. A at 18 (Judgment of Divorce); Dkt. No. 92, Ex. A at 15 (Notice of Entry); Defendant's 56.1 Statement at ¶ 12; Plaintiff's 56.1 Response at ¶ 12. Whether or to what extent the state court considered the Affidavit of Support in deciding Barone's support obligations is disputed. *See* Plaintiff's 56.1 Response at ¶ 13.

After the divorce proceeding concluded, the Court unstayed this case. Dkt. No. 55.

On March 9, 2017, Barone filed a motion for summary judgment. Dkt. No. 88. Levin opposed Barone's motion, Dkt. No. 94, and filed a cross-motion for summary judgment, Dkt.

No. 95, on April 6, 2017. Barone never submitted an opposition to Levin's cross-motion or a reply in support of his own motion, but the Court considers the motions to be fully briefed.

## II. LEGAL STANDARD

A party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when the evidence is such that a reasonable jury could decide in favor of the nonmoving party. *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000). "[T]he burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994).

## III. DISCUSSION

The Court first considers Barone's motion for summary judgment.

### A. Barone's Motion for Summary Judgment

Barone contends that he is entitled to summary judgment because (1) the Court lacks subject matter jurisdiction over the case; (2) res judicata bars the action; and (3) Levin has failed to state a claim upon which relief may be granted. *See* Dkt. No. 92 (Barone Memo) at 7-11.

#### i. Subject Matter Jurisdiction

Barone contends that the *Rooker-Feldman* doctrine requires the Court to dismiss this action for lack of subject matter jurisdiction because Levin essentially seeks to overturn the state court's determination of Levin's lack of entitlement to spousal support. Barone Memo at 7-10. Levin responds that the state court never ruled upon the Affidavit of Support. Dkt. No. 94 (Levin Opp.) at 1. According to Levin, although the state court may have referenced the instant

4

action, it did not base its decision on the Affidavit of Support. *See* Plaintiff's 56.1 Response at ¶¶ D-E.

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). There are four requirements for the doctrine to apply: (1) the federal-court plaintiff must have lost in state court; (2) the state-court judgment must have caused the alleged injuries; (3) the plaintiff must seek district court review and rejection of the state-court judgment; and (4) the state-court judgment must have been entered before the district court proceedings commenced. *Id.* at 85. The Second Circuit has explained that the fourth requirement means that "*Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation." *Id.*

The *Rooker-Feldman* doctrine does not apply here because the state court judgment was not entered before this action commenced. Levin brought this action in federal court on January 27, 2014, Dkt. No. 2, but the state court entered a judgment of divorce and ended Barone's support obligations in 2016. The *Rooker-Feldman* doctrine thus does not apply.

### ii. Res Judicata

Barone also argues that the doctrine of res judicata bars this action. Barone Memo at 10.

Because the judgment at issue is a state court judgment, New York law applies to the res judicata analysis. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). The doctrine of res judicata "bar[s] a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Id.* "In the context of a matrimonial action, . . . a final judgment of divorce settles the parties' rights pertaining not only to those issues that were actually litigated, but also to those that could

5

have been litigated." *Xiao Yang Chen v. Fischer*, 843 N.E.2d 723, 725 (N.Y. 2005); *cf. id.* at 725-26 (declining to extend that theory to personal injury tort actions and thus concluding that res judicata does not bar litigation of interspousal personal injury claims after a divorce proceeding when those claims were not pursued in the divorce proceeding).

In *In re Schwartz*, 409 B.R. 240 (1st Cir. B.A.P. 2008), the Bankruptcy Appellate Panel for the First Circuit considered a sponsored non-citizen's claim that her sponsor was liable to her under the Form I-864 and that the liability was not dischargeable. *Id.* at 243. A state court had previously issued a Decree of Divorce determining the liabilities of the parties. *Id.* The Bankruptcy Appellate Panel concluded that, if the Affidavit of Support had been submitted in the divorce proceedings, the court would lack subject matter jurisdiction over the action under the *Rooker-Feldman* doctrine. *Id.* at 249. The court reasoned further that, if the Affidavit of Support had not been submitted to the state court, the claims would still be barred by the doctrine of res judicata. *Id.* The Bankruptcy Appellate Panel concluded that the doctrine of res judicata barred the action because the Decree of Divorce was a final state court judgment and the proceedings involved the same cause of action, even if the Affidavit of Support was not submitted to the state court, because "claims under an Affidavit of Support can be adjudicated as part of a party's claims for support in a divorce proceeding." *Id.; see also Davis v. United States*, 499 F.3d 590, 595 (6th Cir. 2007) (applying the *Rooker-Feldman* doctrine because the plaintiff's "questions about the calculation of the support level are properly directed to the state court that ordered enforcement of the Affidavit of Support, not to a federal court"); *Pavlenco v. Pearsall*, 13-CV-1953 (JS) (AKT), 2013 WL 6198299, at *3 (E.D.N.Y. Nov. 27, 2013) ("[A]lthough an I-864 support affidavit involves federal law, it is an issue that the state court is well-equipped to address. In fact, courts have found that the *Rooker-Feldman* doctrine bars a subsequent federal

proceeding to enforce an I-864 support affidavit where the state court has already determined the proper scope of such obligations during divorce proceedings.").

Although this action may have been filed on the same day as, or before, the Action for a Divorce, *see* Dkt. No. 2; Action for a Divorce, it is undisputed that a judgment on the merits has been entered in the state court proceeding, whereas no such judgment has yet been entered in this action. Because the first judgment was entered in the divorce proceeding, res judicata attaches to that judgment. *See Brown v. State Farm Fire & Cas. Co.*, 11cv1435 (JBA), 2013 WL 6331158, at *2 (D. Conn. Dec. 5, 2013) ("Courts have recognized a general rule that 'as between actions pending at the same time, res judicata attaches to the first judgment regardless of the sequence in which the actions were commenced.'" (quoting *Federal Practice & Procedure* § 4404)); *see also Gregory v. Daly*, 243 F.3d 687, 702 n.13 (2d Cir. 2001) (noting that parallel proceedings in federal and state court do not on their own create a risk of conflicting outcomes because "[t]he general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata . . . effect on the other action" (quoting *Spring City Corp. v. Am. Buildings Co.*, 193 F.3d 165, 172 (3d Cir. 1999)); *Gresham Park Cmty. Org. v. Howell*, 652 F.2d 1227, 1241 (5th Cir. 1981), *overruled on other grounds*, *Wood v. Orange Cnty.*, 715 F.2d 1543 (11th Cir. 1983) ("[T]he general rule is that a judgment has preclusive effect in all suits pending at the time of decision, regardless of when the pending suit was filed."); *Williams v. Ward*, 556 F.2d 1143, 1154 (2d Cir. 1977) ("[I]t is clear that even though the Southern District action was filed before the Eastern District action, when the latter proceeded to final judgment first it became a bar to the former if the underlying claims are the same."). Accordingly, as in *In re Schwartz*, the doctrine of res judicata bars this action: The judgment of divorce is a prior judgment on the

7

merits involving the same parties and, because "claims under an Affidavit of Support can be adjudicated as part of a party's claims for support in a divorce proceeding," *In re Schwartz*, 409 B.R. at 249, the same cause of action.[1] Barone is therefore entitled to judgment as a matter of law, and his motion for summary judgment is granted.

### B. Levin's Motion for Summary Judgment

Because the Court grants Barone's motion for summary judgment on the basis of res judicata, it denies Levin's motion for summary judgment.

## IV. CONCLUSION

Barone's motion for summary judgment is granted, and Levin's motion for summary judgment is denied. This resolves Docket Numbers 88 and 95. The Clerk of Court is directed to close the case and issue judgment. A copy of this Order will be mailed by Chambers to the pro se Plaintiff.

SO ORDERED.

Dated: March 29, 2018
New York, New York

ALISON J. NATHAN
United States District Judge

---

[1] The Court notes that Levin states in her opposition, "The State Court practiced abstention on the issue of the Affidavit of Support." However, there is nothing in the record to indicate that the state court thought it could not consider the Affidavit of Support. When this Court stayed the action pending resolution of the divorce proceedings, it stated, "[T]he state court here is at least as well-positioned to address the dispute regarding the Form I-864 as this Court . . . ." Dkt. No. 36 at 7.